# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRACEY CORRISTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-1226-WEB |
| ) | |
| BOARD OF COUNTY ) | |
| COMMISSIONERS OF ) | |
| SEDGWICK COUNTY, KANSAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Compel Response to Business Records Subpoena (Doc. 51), filed on June 18, 2008, seeking a response from the Equal Employment Opportunity Commission to the business records subpoena she served by certified mail on April 21, 2008. Although the motion was served on the EEOC by certified mail (*see id*., at 3), no response was filed by the agency and the time to do so has expired. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days).

## BACKGROUND

Plaintiff filed her Complaint (Doc. 1) on August 6, 2007, alleging employment discrimination, harassment, and retaliation, as well as state law claims

for negligent retention and supervision, and intentional infliction of emotional distress.[1]  Plaintiff subsequently filed Amended Complaints on November 20, 3007 (Doc. 15), and January 8, 2008 (Doc. 21.)

The business records subpoena at issue was dated March 19, 2008, and seeks from the EEOC "[c]opies of all documents in your possession concerning any and all complaints filed by plaintiff Tracey Corriston against Sedgwick County."  (Doc. 51-2.)  A notice of intent to issue the business records subpoena was filed and served on Defendants' counsel on March 19, 2008, as required by Fed. R.Civ.P. 45(b)(1).  Plaintiff's counsel states that the subpoena was served on the EEOC by certified mail on April 21, 2008 (Doc. 51, at 1),[2] that an attorney for the EEOC contacted Plaintiff's counsel on April 28, 2008, requesting Plaintiff's counsel's fax number, and that Plaintiff's counsel has left several messages for the EEOC attorney since that time stating that the responsive documents have not been

---

[1] On February 1, 2008, Defendant Board of County Commissioners filed a partial Motion to Dismiss, alleging that Plaintiff's state law tort claims are legally insufficient to state a cognizable claim.  This motion was granted by the District Court on June 25, 2008. (Doc. 54.)

[2] Fed.R.Civ.P. 45(b)(4) provides that proof of service, when necessary, "requires the filing with the issuing court [of] a statement showing the date and manner of service and the names of the persons served."  Plaintiff has not filed such a separate proof of service which would normally be accompanied by the postal "green card" showing the date of service.  However, the court deems the representation of Plaintiff's counsel in his motion, which is signed as an officer of the court, to satisfy these requirements in this particular circumstance.

received.  (*Id*.)  In the Pretrial Order, Plaintiff identified this pending motion to compel.  (Doc. 62, ¶ 15a.)

## DISCUSSION

"The appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure."  **EEOC v. Thorman & Wright Corp**., 243 F.R.D. 426, 429 (D.Kan. 2007).  If the individual or entity from whom documents are sought objects to the subpoena or otherwise fails to produce the documents requested by the subpoena, a court may compel the entity to produce the documents pursuant to Fed.R.Civ.P. 45.  *Id*.

The Court is unaware of any objection the EEOC may have had to Plaintiff's subpoena for the simple reason that the EEOC did not respond to the subpoena or to Plaintiff's Motion to Compel within the time mandated by local rule.[3]  "If a

---

[3] The court notes that there is some disagreement about whether subpoenas can be served by certified mail as opposed to personally delivering a copy to the person or entity.  *Cf*. **Smith v. Midland Brake, Inc.**, 162 F.R.D. 683, 686 (D.Kan. 1995) (service of a subpoena may not be accomplished by mail) *with* **Western Resources, Inc. v. Union Pacific R. Co.,** No. 00-2043-CM, 2002 WL 1822432 (D. Kan., Jul. 23, 2002) (approving service of document subpoena on third party by Federal Express after attempts to serve by certified mail were unsuccessful).  Because Plaintiff's counsel has represented to the court that an attorney for the EEOC contacted him for his fax number, presumably for the purpose of sending copies of the requested documents, it appears that the EEOC has actual notice of the subpoena and has therefore had the opportunity to object to it should the EEOC choose to do so.  The EEOC also had a second chance to object after it was sent a copy of Plaintiff's motion to compel.

respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." ***D.Kan. Rule 7.4***. Plaintiff's motion is both unopposed and facially valid. The Court, therefore, GRANTS Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Response to Business Records Subpoena is **GRANTED**. A copy of this Order shall be sent by U.S. Mail to the U.S. Equal Employment Opportunity Commission, Kansas City Area Office, 400 State Avenue, Suite 905, Kansas City, KS 66101. The EEOC is hereby directed to deliver the subpoenaed documents to Plaintiff's counsel on or before September 15, 2008.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 27th day of August, 2008.

    s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge